IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| PAUL GRAY,<br>Reg. No. 24062-112,<br>    Petitioner,<br><br>v.<br><br>HONORABLE WILLIAM E.<br>MOODY, 34th District Court,<br>El Paso County, TX,<br>    Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | EP-17-CV-109-PRM |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered Petitioner Paul Gray's "Petition for a Writ of Mandamus," filed on April 12, 2017. Therein, Petitioner requests that the Court to intervene in his behalf and order Respondent William E. Moody, a state district court judge, to enter an order granting him additional credit toward his state-imposed sentence for time that he spent in pretrial confinement.

Writs of mandamus are governed by 28 U.S.C. § 1361, which provides that district courts shall have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (2012). Writs of mandamus "are

supervisory in nature and are used 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" *In re Estelle*, 516 F.2d 480, 483 (5th Cir. 1975) (citing *Roche v. Evaporated Milk Assn.*, 319 U.S. 21, 26 (1943)).

In this case, the state district court is not an "inferior court" to the Court because it is an agency of the State of Texas, not an agency of the federal government. *Cross v. Thaler*, 356 F. App'x 724, 725 (5th Cir. 2009) ("[A] federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought."); *Neuman v. Blackwell*, 204 F. App'x 348, 349 (5th Cir. 2006) ("The district court correctly concluded that it lacked the general power to issue a writ of mandamus to direct a state judicial officer in the performance of his duties when mandamus is the only relief sought."). Thus, the Court "lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, DeKalb Cty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973).

Consequently, the Court cannot grant Petitioner's request for mandamus relief. Therefore, his "Petition for a Writ of Mandamus" is **DENIED** and this case is **DISMISSED WITH PREJUDICE**.

SIGNED this **18** day of **April, 2017**.

_____
PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE